STILLMAN LEGAL PC
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
www.StillmanLegalPC.com
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
ALTAGRACIA GOMEZ

                            *Plaintiff*,

      -against-

38TH STREET CAFE LLC (DBA DELECTICA) AND SAGI OHAYON
                     *Defendants*.
-----------------------------------------------------X

**COMPLAINT**

**under 29 U.S.C. § 216(b)**

**ECF Case**

Altagracia Gomez, ("Plaintiff"), by and through her attorneys, Stillman Legal, P.C., upon their knowledge and belief, and as against 38TH STREET CAFE LLC (DBA Delectica) and SAGI OHAYON (each an "Individual Defendant" and collectively with "Defendant Corporation", "Defendant"), allege as follows:

## NATURE OF THE ACTION

1.    Plaintiff is an employee of Defendants, employed to work as a clerk at the cafe known as Delectica in New York.

2.    The defendant owns, operates, and/or controls a deli; headquartered at 564 3rd Ave New York, NY 10016.

1

3. At all times relevant to this complaint, Plaintiff worked for Defendant in excess of 40 hours per week without appropriate compensation for the hours over 40 per week that she worked.

4. Defendant failed to pay Plaintiff appropriately for any hours worked over 40, either at the straight pay rate or for any additional overtime premium.

5. Plaintiff now brings this action, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Lab. Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), and the overtime wage orders of the New York Commission of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 137-1.7 (2006) including applicable liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (federal question). Supplemental jurisdiction over Plaintiff's state law claims is conferred by 28 U.S.C. § 1367(a).

7. The venue is proper in this District under 28 U.S.C. § 391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in this district, Defendant operates their businesses in this district, and Plaintiff was employed by Defendant in this district.

## THE PARTIES

*Plaintiff Altagracia Gomez*

8. Altagracia Gomez ("Plaintiff Gomez") is an adult individual residing in New York.

9. Plaintiff was employed by Defendants approximately from October 2021 until February 10, 2023.

10. Plaintiff was hired to work as a coffee clerk from Tuesday through Sunday.

11. Plaintiff worked on or about (50) sixty hours per week.

12. Defendants failed to pay her the overtime at the required one-and-a-half times rate required by the FLSA and NYLL.

*Defendants*

13. At all times relevant to this complaint, Defendants owned and operated a cafe known as 38TH STREET CAFE LLC (DBA Delectica).

14. Defendant Sagi Ohayon is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period.

15. Defendant Sagi Ohayon is sued in his individual capacity as, on information and belief, he is an owner, officer, and/or agent of Defendant Corporation.

16. Upon information and belief, Defendant Sagi Ohayon possesses or possessed operational control over Defendant Corporation, possesses or possessed an ownership interest in Defendant Corporation, and controls or controlled significant functions of Defendant Corporation.

17. Defendant Sagi Ohayon determined the wages and compensation of the employees of Defendant, including Plaintiff, and established the schedules of the employees, maintained employees' records, and had the authority to hire and fire employees.

**FACTUAL ALLEGATIONS**

*Defendant Constitute Joint Employers*

18. Defendant owned, operated, and/or controlled a cafe named Delectica in New York.

19. Upon information and belief, individual Defendant Sagi Ohayon had operational control over the Defendant Corporation, possessed an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation.

20. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

21. Defendants possessed substantial control over Plaintiff (and other similarly situated employees) working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff, and all similarly situated individuals, referred to herein.

22. Defendants jointly employed Plaintiff, and all similarly situated individuals and is his (and all similarly situated individuals') employee within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

23. In the alternative, Defendants constitutes a single employer of Plaintiff and/or similarly situated individuals.

24. At all relevant times, Defendants were Plaintiff's employer within the meaning of the FLSA and New York Labor Law. The defendants had the power to hire and fire Plaintiff, control the terms and conditions of employment, and determine the rate and method of compensation in exchange for her services.

25. In each year from 2017 to the present, Defendant, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

*Plaintiff Altagracia Gomez*

26. Defendants have employed Plaintiff Gomez from on or about October 2021 until February 10, 2023.

27. Plaintiff was hired to work as a clerk and general laborer at the cafe, located at 293 Lawrence Ave Inwood, NY 11096

28. Plaintiff's schedule was typically Tuesday through Saturday, from 7:00 A.M. until 6:00 P.M., though often times, she worked Sundays and Mondays, from 9:00 A.M. until 6:00 P.M.

29. The plaintiff typically worked (50) fifty hours per week.

30. Plaintiff Gomez's work duties required neither discretion nor independent judgment.

31. Plaintiff Gomez was required to punch in or out (See Exhibit A).

32. Plaintiff Gomez regularly worked more than 40 hours per week.

33. Plaintiff was paid $12.00 per hour for all hours worked from October 2021 until May 2022. This hourly rate fell below the minimum wage salary in New York City.

34. Defendants raised her hourly salary to $15 per hour in May 2022, but Defendants paid her overtime hours at $13.00 instead of the $21.50 required by NYLL and the FLSA.

35. Defendants pay her $350 in a check and $300 in weekly cash. (See Exhibit)

36. Plaintiff was never paid overtime at the required time and a half premium pay.

37. No notification, either in the form of posted notices or other means, was given to Plaintiff Gomez regarding overtime and wages under the FLSA and NYLL.

*Defendant' General Employment Practices*

38. Defendant's pay practices resulted in Plaintiff not receiving payments for all her hours worked, resulting in Plaintiff's effective rate of pay falling below the required overtime wage rate.

39. Plaintiff has been a victim of Defendant's common policy and practices violating her rights under the FLSA and New York Labor Law by not paying her the wages she was owed for the hours she had worked.

40. As part of their regular business practice, Defendant intentionally, willfully, and repeatedly harmed Plaintiff by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL.

41. Defendant failed to provide Plaintiff with statutorily required wage and hour records or statements of her pay received, in part so as to hide Defendant' violations of the wage and hour laws, and to take advantage of Plaintiff's relative lack of sophistication in wage and hour laws.

42. Upon information and belief, this was done to disguise the actual number of hours Plaintiff worked, and to avoid paying Plaintiff properly for (i)her full hours worked, (ii) for overtime due.

43. Defendant provided Plaintiff with a pay stub after May 2022. However, this pay stub was incomplete and did not record 20 (twenty) hours that Plaintiff worked after (30) thirty hours.

**FIRST CAUSE OF ACTION**
**(Violation of the Minimum Wage and Overtime Provisions of the FLSA)**

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. At all times relevant to this action, Defendant was Plaintiff employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).

46. The defendant had the power to hire and fire Plaintiff, control her terms and conditions of employment, and determine the rate and method of any compensation.

47. At all times relevant to this action, Defendant was engaged in commerce or in an industry or activity affecting commerce.

48. Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

49. Plaintiff was damaged in an amount to be determined at trial.

50. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

51. Defendant, in violation of the FLSA, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

52. Defendant's failure to pay Plaintiff overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

53. Plaintiff was damaged in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### (Violation of Minimum Wage and Overtime Provisions of the New York Labor Law)

54. Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

55. Defendant, in violation of the NYLL § 190 *et seq*. and associated rules and regulations, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek.

56. Plaintiff has been damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

**(Violation of The Notice requirements of the
The New York Labor Law)**

57.     Plaintiff repeats and reallege all paragraphs above as though fully set forth herein.

58.     Defendant failed to provide Plaintiff with a written notice, in English and in Spanish (Plaintiff's primary language), of her rate of pay, regular payday.

59.     Defendant failed to provide Plaintiff with paychecks detailing her name, number of hours worked, deductions, etc.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant:

(a)     Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b)     Declaring that Defendant' violation of the provisions of the FLSA was willful as to Plaintiff;

(c)     Awarding Plaintiff damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(d)     Awarding Plaintiff liquidated damages in an amount equal to 100% of her damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(e)     Declaring that Defendant have violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

(f)     Declaring that Defendant' violations of the New York Labor Law were willful as to Plaintiff;

(g)     Awarding Plaintiff damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages;

(h)     Awarding Plaintiff liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

(i)     Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(j)     Awarding Plaintiff the expenses incurred in this action, including costs and attorney's fees; and

(k)     All such other and further relief as the Court deems just and proper.


Dated: New York, New York
February 23, 2023

Lina Stillman
**STILLMAN LEGAL P.C**
42 Broadway, 12th Floor
New York, New York 10004
Telephone: (212) 203-2417
*Attorneys for Plaintiff*