UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ALTAGRACIA GOMEZ,                            :
                                             :
                                             :
                    Plaintiff,               :         23-CV-1576 (VSB)
                                             :
         -against-                           :         **OPINION & ORDER**
                                             :
                                             :
38TH STREET CAFE LLC, d/b/a DELECTICA,       :
and SAGI OHAYON,                             :
                                             :
                    Defendants.              :
                                             :
------------------------------------------------------------ X

Lina Stillman
Stillman Legal, P.C.
New York, New York
*Counsel for Plaintiff*

Joseph Martin Labuda
Kyle Francis Oakes Monaghan
Milman Labuda Law Group, PLLC
New Hyde Park, New York
Lake Success, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

On August 4, 2023, the parties filed a joint letter motion seeking approval of the settlement agreement reached in this Fair Labor Standards Act ("FLSA") case. (Doc. 28; *see also* Doc. 28-1 (the "Settlement Agreement")). Parties may not privately settle FLSA claims and stipulate to the case's dismissal pursuant to Fed. R. Civ. P. 41(a) without the approval of the district court or the Department of Labor. *See Samake v. Thunder Lube, Inc.*, 24 F.4th 804, 807 (2d Cir. 2022); *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). In the absence of Department of Labor approval, the parties must demonstrate to me that their settlement is "fair and reasonable." *Velasquez v. SAFI-G, Inc.*, 137 F. Supp. 3d 582, 584 (S.D.N.Y. 2015) (internal quotation marks

1

omitted). Having reviewed the materials before me, I find that the Settlement Agreement is fair and reasonable. Therefore, the Parties' joint motion seeking an order approving the Settlement Agreement is GRANTED. This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a).

I. **Legal Standard**

To determine whether a settlement is fair and reasonable under the FLSA, I "consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks omitted).

"In addition, if attorneys' fees and costs are provided for in the settlement, district courts will also evaluate the reasonableness of the fees and costs." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 600 (2d Cir. 2020). In requesting attorneys' fees and costs, "[t]he fee applicant must submit adequate documentation supporting the [request]." *Id.* "A reasonable hourly rate is a rate 'in line with . . . prevailing [rates] in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation.'" *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96 (2d Cir. 2006) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n. 11 (1984)). A fee may not be reduced "'merely because the fee would be disproportionate to the financial interest at stake in the litigation.'" *Fisher*, 948 F.3d at 602 (quoting *Kassim v. City of Schenectady*, 415 F.3d 246, 252 (2d Cir. 2005)).

"When a district court concludes that a proposed settlement in a FLSA case is unreasonable in whole or in part, it cannot simply rewrite the agreement, but it must instead reject the agreement or provide the parties an opportunity to revise it." *Id.* at 597.

## II.  Discussion

I have reviewed the Settlement Agreement, supporting evidence, and supplemental material in order to determine whether the terms are fair, reasonable, and adequate. I find that they are.

### A.  *Settlement Amount*

I first consider the sum provided for in the Settlement Agreement. Plaintiff's complaint alleges violations of the wage and overtime provides of the FLSA, (Doc. 1 ¶¶ 44–53), and the New York Labor Law ("NYLL"), (*id.* ¶¶ 54–56), including the notice requirements under the NYLL, (*id.* ¶¶ 57–59). When seeking approval of a FLSA settlement, the plaintiff "must supply calculation addressing all possible sources of a plaintiff's potential damages." *Leonardo v. Reza Fast Food, Inc.*, No. 20-CV-8879, 2022 WL 2440975, at *2 (S.D.N.Y. July 5, 2022) (collecting cases).

The settlement amount is $15,000. (Doc. 28 at 1.) Plaintiff asserts that if she had prevailed on her FLSA claims, she would have received $15,850 in unpaid wages, which would have been doubled under FLSA. (Doc. 28 at 2.) Plaintiff notes a further $10,000 in her assessment of damages based on violations of the NYLL's notice and recordkeeping requirements, (Doc. 28-5), which have statutorily limited damages of $5,000 for both notice and recordkeeping violations. N.Y. Lab. Law § 198. Additionally, Plaintiff calculates that Defendants owe a total of $701.15 in prejudgment interest. (*Id.*) Putting all this together, it appears that the total possible settlement award against which I should evaluate the Settlement Agreement is $42,401.15. The statutory notice and recordkeeping damages and prejudgment interest are not discussed in the body of the motion.

Under the Settlement Agreement, Plaintiff would receive $15,000, less $5,570 in attorneys' fees and costs, (Doc. 28 at 1), for an actual recovery of $9,430, or 22.2 percent of her possible recovery. In this District, settlements of 12 to 13 percent of the total possible recovery are the low-end of what is considered reasonable in the context of a *Cheeks* review. *See, e.g.*, *Cronk v. Hudson Valley Roofing & Sheetmetal, Inc.*, 538 F. Supp. 3d 310, 323 (S.D.N.Y. 2021) (collecting cases) (finding that a settlement representing roughly 13 percent of the possible recovery was at the low-end of reasonable).

This settlement is thus well within the range of reasonable recoveries, particularly given the litigation risks of this case. Defendants contest that there was any underpayment and assert that any underpayment that exists was minimal. (Doc. 28 at 2.) The Parties' mediation process uncovered documents providing enough support for this position to constitute a bona fide dispute, (*id.*), further confirming the reasonableness of the settlement sum.

Additionally, $10,000 of the total potential recovery stems from statutory damages provided for by the NYLL for notice and record-keeping violations. However, *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), has substantially complicated plaintiffs' ability to obtain damages for violations of these provisions by requiring plaintiffs to allege concrete harms as a result of the failure to provide statutorily-required notice. *See, e.g.*, *Lucero v. Shaker Contractors, Corp.* No. 21-CV-8675, 2023 WL 4936225, at *3 (S.D.N.Y. July 27, 2023) ("Courts in this District have applied *TransUnion* to find plaintiffs lack standing to bring claims under the NYLL's wage notice and wage statement provisions when those plaintiffs do not make specific allegations of concrete injuries they suffered as a result of their employers' failure to provide required wage records.") Plaintiff's complaint does not make such specific allegations, (*see* Doc. 1 ¶¶ 37, 57–59), suggesting further complications for recovering on this element of Plaintiff's claim.

4

Additionally, I find nothing in the record suggesting that the Settlement Agreement is tainted by fraud or collusion or that it is the product of anything less than arm's-length bargaining between experienced counsel. Accordingly, the settlement sum is fair and reasonable given comparable cases in this District.

### A. *Remaining Provisions*

#### 1. Release Clause

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15-CV-2727, 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-CV-2592, 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)). For this reason, "[a] number of judges in this District refuse to approve any FLSA settlement unless the release provisions are 'limited to the claims at issue in this action.'" *Cionca v. Interactive Realty, LLC*, No. 15-CV-5123, 2016 WL 3440554, at *3 (S.D.N.Y. June 10, 2016) (quoting *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15-CV-4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015)).

The Settlement Agreement provides for a "Limited Release of All FLSA/NYLL Claims by Plaintiff." (Doc. 28-1 § 2.) This release is restricted to

> any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), and their associated regulations concerning unpaid wages, recordkeeping

>   violations and failure to provide proper wage notices and/or wage
>   statements, which Plaintiffs now have or have ever had.

(*Id.* § 2(a)). Given that this release is expressly limited to FLSA and NYLL claims that predate the Settlement Agreement, the terms are fair and reasonable.

### 2. Remaining Provisions

I find "all other provisions of the [Settlement Agreement] to be fair and reasonable, as it includes no objectionable release, non-disparagement, or confidentiality provisions." *Contreras v. Karizma Lounge Corp.*, No. 20-CV-5167, 2023 WL 3853347, at *3 (S.D.N.Y. May 8, 2023). (*See* Doc. 28 at 4, Doc. 28-1).

### B. *Attorneys' Fees*

A district court in this Circuit, in its discretion, may calculate attorneys' fees using either the lodestar method or the percentage of the fund method. *See McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). As a general matter, the "starting point" in determining reasonable attorneys' fees is "the lodestar — the product of a reasonable hourly rate and the reasonable number of hours required by the case." *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (lodestar calculation creates a "presumptively reasonable fee" (quoting *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany & Albany Cnty. Bd. of Elections*, 522 F.3d 182, 183 (2d Cir. 2008))). The party seeking fees bears the burden of demonstrating that its requested fees are reasonable, *see Blum*, 465 U.S. at 897, and must provide the court with sufficient information to assess the fee application, *see N.Y. State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). "Fees of one-third in FLSA cases are routinely approved in this Circuit." *Manley v. Midan Rest. Inc.*, 14-CV-1693, 2017 WL 1155916, at *9 (S.D.N.Y. Mar. 27, 2017) (collecting cases); *see also Zorn-Hill v. A2B Taxi LLC*, No. 18-CV-11165, 2020 WL 5578357, at *6 (S.D.N.Y. Sept. 17, 2020) ("[C]ourts in the Second Circuit routinely award attorney's fees in FLSA settlements of one-third of the total recovery." (collecting cases)). Additionally, "[c]ourts

regularly award lodestar multipliers from two to six times lodestar." *Johnson v. Brennan*, No. 10-CV-4712, 2011 WL 4357376, at *20 (S.D.N.Y. Sept. 16, 2011) (collecting cases); *see also Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 482 (S.D.N.Y. 2013) (finding that "the lodestar sought by Class Counsel, approximately 6.3 times, falls within the range granted by courts . . . .").

Under the Settlement Agreement, Plaintiffs' counsel will receive $5,570 in fees and costs, (Doc. 28 at 1; Doc. 28-1 § 3(a)(iii)), of which $5,000 is attorneys' fees, (Doc. 28 at 4.)[1] This aligns with Plaintiff's retainer agreement with counsel which provided for counsel to receive one third of the settlement and Plaintiff to pay costs. (Doc. 28-3 at 1; Doc. 28-4 at 1.) The billing records submitted by Plaintiff's counsel indicate that counsel charges a rate of $350 an hour and spent 26.8 hours on this matter, which would have amounted to a total bill of $9,380.00. (Doc. 28-2 at 1–2.) This hourly rate falls well within what courts in this District have found to be reasonable. *See, e.g., Ochoa v. Prince Deli Grocery Corp.*, No. 18-CV-9417, 2021 WL 5235222, at *2 (S.D.N.Y. Nov. 8, 2021) (calling $450/hour the "prevailing maximum rate in the Southern District"). The 26.8 hours spent by Plaintiff's counsel on this matter is also reasonable and her $5,000 fee thus represents a discount from the $9,380.00 sum associated with the lodestar calculation. Given this, I find the requested attorneys' fees and costs under the Settlement Agreement to be fair and reasonable.

### III.   Conclusion

For the reasons stated above, I find that the proposed Settlement Agreement to be fair and reasonable. Accordingly, the Settlement Agreement is APPROVED.

---

[1] It appears there may be a math error in Plaintiff's calculations. Plaintiff reports that costs consist of the $402 federal filing fee and service of process costs of $165. (Doc. 28 at 4.) This would sum to $567 in costs, for a total award of $5,567 rather than $5,570. However, although I note this for the sake of completeness, I do not find that the $3 differential is a reasonable cause to hold up the approval of this agreement and delay Plaintiff's compensation.

This action is DISMISSED with prejudice pursuant to Fed. R. Civ. P. 41(a) and I shall retain jurisdiction solely for the purpose of enforcing the Settlement Agreement.

SO ORDERED.

Dated:  March 20, 2025
        New York, New York

_____
Vernon S. Broderick
United States District Judge